UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA RIVERO, JAMES WICE, TANJA MILOJEVIC, CORY KADLIK, BOSTON CENTER FOR INDEPENDENT LIVING, and BAY STATE COUNCIL OF THE BLIND,<br><br>   Plaintiffs,<br><br>   v.<br><br>WILLIAM FRANCIS GALVIN, in his Official Capacity as Secretary of the Commonwealth of Massachusetts, and the DEPARTMENT OF THE STATE SECRETARY,<br><br>   Defendants. | C.A. No. 1:20-cv-11808 |

## PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND REQUEST FOR ORAL ARGUMENT

Plaintiffs hereby respectfully move the Court to issue a Preliminary Injunction pursuant to Fed. R. Civ. P. 65 ordering Defendants to provide meaningful access to Massachusetts' Accessible Vote by Mail ("AVBM") program forth November 2020 general election. Plaintiffs simultaneously file a Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction and accompanying declarations.

In support of their Motion, Plaintiffs state:

1.   Individual Plaintiffs Barbara Rivero, James Wice, Tanja Milojevic, and Cory Kadlik, and members of Organizational Plaintiffs Boston Center for Independent Living and Bay State Council of the Blind are registered voters with print disabilities[1] who desire to cast a

---

[1] Print disabilities include blindness, low vision, mobility/dexterity disabilities, or other disabilities that make it difficult or impossible for them to effectively access standard printed text. People with print disabilities may experience this limited or complete lack of access to standard printed text because they cannot read, write, hold, or physically manipulate standard print materials.

private and independent vote through the AVBM program in the upcoming 2020 general election.

2. The AVBM program, provided by Defendants as an accommodation to facilitate access of voters with disabilities to Massachusetts' universal vote by mail program available for the 2020 elections, fails to provide meaningful access to voters with print disabilities.

3. Plaintiffs are likely to succeed on the merits of their claims under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794 *et seq.* that Defendants discriminate against them and other voters with print disabilities because the AVBM process effectively requires them to rely on third party assistance and forfeit their right to vote privately and independently.

4. Absent a preliminary injunction, Plaintiffs will suffer immediate, irreparable harm. Specifically, Plaintiffs, unlike voters who can effectively access the paper vote by mail ballot, will be forced to forgo their right to cast a private and independent ballot in order to vote from home or risk exposure to COVID-19 at the polling place in order to vote without third party assistance in the general election.

5. The issuance of a preliminary injunction enjoining Defendants to provide voters with print disabilities equal access to the state's universal vote by mail program for the general election will provide such remedy pending a determination on the merits.

6. The public interest is in upholding the right of Plaintiffs and other voters with print disabilities to have equal access to the vote by mail and AVBM programs created in response to the ongoing COVID-19 pandemic.

7. Waiver of bond per Fed. R. Civ. P. 65(c) is appropriate because Plaintiffs seek to

enforce important federal rights or public interests in order to exercise their fundamental right to vote privately and independently, the granted injunction would pose little, if any, financial rise to Defendants, and posting the bond would impose a hardship on Plaintiffs.

8. Defendants are not amenable to providing the relief requested in this motion.

7. While Plaintiffs believe that the written submissions and accompanying declarations make the need for the requested relief manifest, if the Court requires further argument or clarification of these important issues, Plaintiffs request an opportunity to be heard in oral argument.

WHEREFORE, Plaintiffs ask that the Court:

  a. Issue a Preliminary Injunction requiring Defendants to implement for the November 2020 general election an AVBM program that provides Plaintiffs and other voters with print disabilities the opportunity to vote privately and independently by permitting electronic submission of the accessible electronic ballots with an accessible electronic affirmation that can be completed using accessible forms of identification, in lieu of a hand drawn signature;

  b. Waive the requirement of a bond; and

  c. If desired by the Court, set a hearing for the Motion for a Preliminary Injunction.

Dated: October 2, 2020                                    Respectfully submitted,

**Plaintiffs Barbara Rivero, James Wice, Tanja Milojevic, Cory Kadlik, Boston Center for Independent Living, and Bay State Council of the Blind**,
By their attorneys,

_/s/ Tatum A. Pritchard_____
Tatum A. Pritchard
BBO # 664502
tpritchard@dlc-ma.org
Thomas Murphy
BBO # 630527
tmurphy@dlc-ma.org
Matthew Steele
BBO # 676711
msteele@dlc-ma.org
Disability Law Center
11 Beacon St., Suite 925
Boston, MA 02108
617-723-8455

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), counsel for Plaintiffs have attempted in good faith to confer regarding this Motion, and have previously conferred with counsel for Defendants concerning the relief requested herein and Defendants have not assented to provide said relief.

_/s/ Tatum A. Pritchard_____
Tatum A. Pritchard

## CERTIFICATE OF SERVICE

I, Tatum A. Pritchard, hereby certify that a true and accurate copy of this document and accompanying Memorandum of Law was served via ECF to all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via electronic mail to opposing counsel and those indicated as nonregistered participants on October 2, 2020.

_/s/ Tatum A. Pritchard_____
Tatum A. Pritchard

Dated: October 2, 2020                              Respectfully submitted,

**Plaintiffs Barbara Rivero, James Wice, Tanja Milojevic, Cory Kadlik, Boston Center for Independent Living, and Bay State Council of the Blind**,
By their attorneys,

_/s/ Tatum A. Pritchard_____
Tatum A. Pritchard
BBO # 664502
tpritchard@dlc-ma.org
Thomas Murphy
BBO # 630527
tmurphy@dlc-ma.org
Matthew Steele
BBO # 676711
msteele@dlc-ma.org
Disability Law Center
11 Beacon St., Suite 925
Boston, MA 02108
617-723-8455

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), counsel for Plaintiffs have attempted in good faith to confer regarding this Motion, and have previously conferred with counsel for Defendants concerning the relief requested herein and Defendants have not assented to provide said relief.

_/s/ Tatum A. Pritchard_____
Tatum A. Pritchard

## CERTIFICATE OF SERVICE

I, Tatum A. Pritchard, hereby certify that a true and accurate copy of this document and accompanying Memorandum of Law was served via ECF to all registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via electronic mail to opposing counsel and those indicated as nonregistered participants on October 2, 2020.

_/s/ Tatum A. Pritchard_____
Tatum A. Pritchard